UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MATTHEW MICHAEL CHANDLER WOLFE,

      Plaintiff,

v.                                          Case No.:  2:19-cv-410-FtM-38NPM

KEVIN J. RAMBOSK and COLLIER COUNTY JAIL,

      Defendants.
_____/

## OPINION AND ORDER[1]

Plaintiff Matthew Michael Chandler Wolfe ("Wolfe"), an inmate in the Florida Prison System, instituted this action by filing a *pro se* Civil Rights Complaint under 42 U.S.C. § 1983.[2]  (Doc. 1).  Wolfe seeks to proceed *in forma pauperis* on his Complaint.  (Doc. 11).  Because the Court finds the Complaint is subject to dismissal without prejudice, the Court will neither grant Wolfe *in forma pauperis* status, nor assess the $350 court filing fee under 28 U.S.C. § 1915(b)(1).

Wolfe asserts Defendants have violated his constitutional rights by failing to provide essential legal supplies and documents, refusing to allow him to contact witnesses and/or attorneys, rejecting certain mail, and not providing the means for him to store and examine electronic data.  (Doc. 1 at 6-7).  Based on these allegations, it appears

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] If Wolfe is trying to file a motion for post-conviction relief by a deadline, he should advise jail officials of the deadline in his request for legal materials.

Wolfe is trying to assert Defendants denied him access to the court in violation of the First Amendment. The Supreme Court in *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977) clarified that institutions must only make sure that a plaintiff has "a reasonable adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." It is access to the courts which is the protected constitutional right, not access to a law library, copies, specific legal resources, or computer. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) (emphasis added). Crucial here, a plaintiff who alleges a denial of access to court claim must show how the interference caused him harm or prejudice regarding the litigation. *See Lewis*, 518 U.S. at 349-351.

While Plaintiff alleges Defendants frustrated his ability to litigate, he has not shown he suffered any prejudice. In Case No. 2:18-cv-00730-FtM-SPC-NPM, the Court dismissed Plaintiff's civil rights case because he had not moved to proceed *in forma pauperis* or paid the court filing fee. Plaintiff had not attached a signed prisoner consent or financial certificate form. To the extent Plaintiff asserts Defendants thwarted his ability to show his indigency, this argument fails. Even if Defendants had failed to provide access to the court, such as printing out the required financial forms, Plaintiff suffered no prejudice because the Court dismissed the action without prejudice and informed Plaintiff he could open a new case with the appropriate documents. Wolfe's allegations are thus insufficient.

In any event, the Court finds dismissal is appropriate because Wolfe has abused the judicial process. Plaintiff executed the civil rights complaint form under penalty of perjury. (Doc. 1 at 7). Section III of the form requires prisoners to disclose information

about previous lawsuits.  (*Id.* at 2).  Specifically, it asks whether Plaintiff has "initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?" (*Id.* at ¶ B) (emphasis in original).  In response to the question Plaintiff checked "no." (*Id.*).

The Court takes judicial notice that before commencing this action, Plaintiff filed these cases in the Middle District of Florida: 2:18-cv-00589-FtM-SPC-CM (filed August 31, 2018); 2:18-cv-00609-FtM-JES-CM (filed September 10, 2018-**dismissed for failure to state a claim**); 2:18-cv-00730-FtM-SPC-NM (filed October 31, 2018); and 2:18-cv-00731-FtM-SPC-CM (filed October 31, 2018-**dismissed for failure to state a claim**).  Contrary to Plaintiff's sworn responses, he has filed other lawsuits in federal court related to his "imprisonment or conditions thereof."

The inquiry about a prisoner's prior lawsuits is neither a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts.  Rather, the existence of prior litigation initiated by a prisoner is required for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to prisoners proceeding *in forma pauperis*).  And it has been the Court's experience that a significant number of prisoner filings assert claims or issues already raised in prior litigation.  Identification of that prior litigation often enables the Court to dispose of the successive case without further expenditure of finite judicial resources.

Plaintiff's failure to disclose and truthfully describe previous lawsuits required on the Court's prisoner civil rights complaint form warrants dismissal for abuse of the judicial process.  See *Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 225 (11th Cir. Feb. 10, 2011).  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's

civil rights complaint that did not disclose a previous lawsuit. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed. R. Civ. P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id.* Failing to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.

The complaint form asks whether Plaintiff had filed other lawsuits "relating to your imprisonment or conditions thereof." (Doc. 1 at 2). He falsely said "no." Because Plaintiff filed his other lawsuits within the last two years, the Court finds his false statement was made knowingly and with bad faith. Therefore, Plaintiff's denial and failure to disclose his previous lawsuits, under penalty of perjury, constitutes an abuse of the judicial process. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998). Dismissal without prejudice is the appropriate sanction here. *See id.*

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Civil Rights Complaint (Doc. 1) is **DISMISSED without prejudice for abuse of the judicial process.** This dismissal counts as Plaintiff's "third strike" under the three-strikes provision of 28 U.S.C. § 1915(g).

2. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 11) is **DENIED**.

3. The **Clerk** shall enter judgment, terminate any pending motions, and close this file.

4. The **Clerk** shall also provide Plaintiff with a blank civil rights complaint should he wish to file a new action.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of May, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record